IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) | **COMPLAINT** |
| Defendant. | ) ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to female employees who Defendant Employer subjected to unlawful sexual harassment because of their sex, and female employees who Defendant Employer retaliated against for complaining about the unlawful sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Cracker Barrel Old Country Store, Inc. (Defendant Employer) has continuously been a Tennessee corporation doing business in the state of Tennessee and the city of Knoxville, and has continuously had at least fifteen employees.

5. At all relevant times Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Marilyn Thornton and Johneta McMillan filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least approximately July 15, 2004, Defendant Employer has engaged in unlawful employment practices at its restaurant located at 9214 Park West Boulevard in Knoxville, Tennessee, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 3(a). The unlawful employment practices involved subjecting Marilyn Thornton, Johneta McMillan, and other female employees, including at least Pamela Boswell, Jennifer Hammond, Tracy Spivey Goan, Sara Mirodipini, and Amy Whitworth, to sexual harassment because of their sex. The unlawful employment practices also involved retaliating against Johneta McMillan,

Pamela Boswell, and Amy Whitworth because they complained about the sexual harassment.

8. The unlawful sexual harassment included unwelcome sexual touching, unwelcome sexual comments, and other unwelcome sexual conduct, by General Manager Chris Sisk, manager Bobby Love, a manager named Tom, and several other male employees with the knowledge of Mr. Sisk. The unlawful sexual harassment was frequent enough and severe enough to alter the conditions of the victims' employment and create an abusive working environment.

9. Ms. McMillan complained about the sexual harassment to Mr. Sisk, to other managers, and to Defendant Employer's 800 number complaint line. After these complaints Defendant Employer failed to take prompt and effective corrective action to end the harassment. Also, after these complaints Mr. Sisk retaliated against Ms. McMillan by assigning her to work in areas of the restaurant where servers made less in tips, and by ridiculing her about her complaints in front of other employees.

10. Ms. Boswell complained about the sexual harassment to Mr. Sisk and to District Manager Bob Miller. After these complaints Defendant Employer failed to take prompt and effective corrective action to end the harassment. Also, after these complaints Mr. Sisk retaliated against Ms. Boswell by displaying a more negative attitude towards her, by criticizing her for things that had not previously concerned him, and by constructively discharging her in retaliation for her complaints.

11. Ms. Whitworth complained to Mr. Sisk about sexual harassment by a co-worker. After her complaint Defendant Employer failed to take prompt and effective corrective action. When Ms. Whitworth expressed concern to Mr. Sisk about the possibility of retaliation by the co-worker and his friends because of her complaint, Mr. Sisk just said, "You opened this can of

3

worms." Two days later, after she had interviewed for an entry level management position, Mr. Sisk suggested to her that she forget about her complaint because, "it won't look good as a management trainee to have this hanging over your head." She complied with his suggestion and stopped pursuing her complaint.

12. The effect of the practices complained of in paragraphs 7 through 11 above has been to deprive Marilyn Thornton, Johneta McMillan, and other female employees, including at least Pamela Boswell, Jennifer Hammond, Tracy Spivey Goan, Sara Mirodipini, and Amy Whitworth, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13. The unlawful employment practices complained of in paragraphs 7 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 7 through 11 above were done with malice and/or with reckless indifference to the federally protected rights of Marilyn Thornton, Johneta McMillan, and other female employees, including at least Pamela Boswell, Jennifer Hammond, Tracy Spivey Goan, Sara Mirodipini, and Amy Whitworth.

## **PRAYER FOR RELIEF**

Therefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against employees because of their sex, or any employment practice which discriminates against employees because of their opposition to practices made unlawful by Title VII;

B. Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for female employees, and which eradicate the effects of Defendant Employer's unlawful employment practices described in paragraphs 7-11 above;

C. Order Defendant Employer to make whole Johneta McMillan and other female employees, including at least Pamela Boswell, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement;

D. Order Defendant Employer to make whole Marilyn Thornton, Johneta McMillan, and other female employees, including at least Pamela Boswell, Jennifer Hammond, Tracy Spivey Goan, Sara Mirodipini, and Amy Whitworth, by providing compensation for nonpecuniary losses resulting from the unlawful employment practices, including emotional and psychological pain and suffering, in amounts to be determined at trial;

E. Order Defendant Employer to pay Marilyn Thornton, Johneta McMillan, and other female employees, including at least Pamela Boswell, Jennifer Hammond, Tracy Spivey Goan, Sara Mirodipini, and Amy Whitworth, punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>
> RONALD S. COOPER
> General Counsel
>
> JAMES LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> _/s/ Faye A. Williams_
> FAYE A. WILLIAMS
> Regional Attorney
> Tennessee Bar No. 011730
>
> _/s/ Terry Beck (JDW)_
> TERRY BECK
> Supervisory Trial Attorney
> Tennessee Bar No. 009346
>
> _/s/ Carson L. Owen_
> CARSON L. OWEN
> Senior Trial Attorney
> Tennessee Bar No. 009240
>
> EQUAL EMPLOYMENT OPPORTUNITY
>   COMMISSION
> 1407 Union Avenue, Suite 900
> Memphis, Tennessee 38104
> Telephone:    (901) 544-0133