UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> CRACKER BARREL OLD COUNTRY STORE, INC., <br><br> Defendant. | Civil Action No. 3:07-cv-00376 <br> Judge Varlan/ <br> Magistrate Judge Guyton |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission") filed this action against Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") to enforce Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 41 U.S.C. §1981a. In its complaint, the Commission alleged that Cracker Barrel subjected Johneta McMillan, Marilyn Thornton, and other female employees (including at least Tracy Spivey Goan, Sara Mirodipini, Jennifer Hammond, Pamela Boswell, and Amy Whitworth) to sexual harassment, and retaliated against at least Ms. McMillan and Ms. Whitworth for complaining about the unlawful sexual harassment. In its Answer, Cracker Barrel denied any wrongdoing.

This Consent Decree constitutes the complete and exclusive agreement between the Commission and Cracker Barrel. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing. In the event this Consent Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

This Consent Decree does not constitute a finding on the merits of the case. The parties have consented to the entry of this Decree to avoid the burdens of further litigation.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

### JURISDICTION

1. The United States District Court for the Eastern District of Tennessee, at Knoxville, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

### SCOPE AND DURATION

2. The Consent Decree resolves all issues and claims that were alleged or could have been alleged in the Commission's Complaint in this cause and Charge Nos. 253-2005-01830, and 253-2005-01850 filed by Johneta McMillan and Marilyn Thornton. It also resolves all issues and claims of the class members Tracy Spivey Goan, Sara Mirodipini, Pamela Boswell, and Amy Whitworth.

3. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the Court. Except as expressly stated herein, this Decree shall remain in effect for three years after the effective date of the Decree.

## INJUNCTIVE RELIEF

4. Defendant, its managers and supervisory employees, agents, officers, successors and assigns and all persons in active concert or participation with it, are enjoined from discriminating against any employee in Store #16 in Cedar Bluff, TN ("Store #16) because of sex. This includes subjecting employees in Store #16 to a hostile work environment based on sexual harassment.

5. Defendant, its managers and supervisory employees, agents, officers, successors and assigns and all persons in active concert or participation with it, are enjoined from retaliating against any Store #16 employee or applicant for employment.

## MODIFICATION OF POLICIES AND PRACTICES

6. Defendant has/will designate a specific individual in its corporate office whose sole function will be to accept and investigate reports and complaints of sexual harassment at Store #16.

    A. An investigation of all reports of sexual harassment will begin within five business days receipt of the allegation of sexual harassment.

    B. The investigation will include in-person and/or telephonic interviews of all witnesses.

    C. The designated individual will keep a contemporaneous log of all calls, details of all investigations, including all interview notes, and resolutions. If a report is not investigated, a written record must be made to justify the failure to investigate.

    D. Reports of sexual harassment may be made anonymously.

    E. This designated individual will also investigate immediately any reports of retaliation against an employee for making a report of sexual harassment.

F. Defendant will maintain all records of investigation for 36 months.

7. Defendant will include in its harassment policy at Store #16 a warning that harassment of those reporting or complaining of sexual harassment is grounds for discipline up to and including termination.

8. Defendant will include in its harassment policy at Store #16 the requirement for managers to keep confidential to the extent practicable any reports of harassment. The manager must take steps to ensure there is no retaliation against anyone making a report of sexual harassment.

9. Defendant shall post its sexual harassment policy at Store #16, including its 800 hotline for reporting inappropriate activity, in break rooms and other places accessible to employees and applicants for employment. It must specify that the hotline accepts and investigates anonymous reports. It must also specify that it will investigate any reports of retaliation.

## TRAINING

10. Defendant will provide training on sex discrimination, with emphasis on sexual harassment and retaliation, to all employees in Store #16 according to the following terms:

   A. The training session will include at least 90 minutes of instruction.

   B. The training will include the following topics: what constitutes sexual harassment; how to prevent, identify and remedy sexual harassment; what constitutes retaliation in violation of Title VII; Defendant's policy against sexual harassment and retaliation, including confidentiality; and implementation of Defendant's policy against sexual harassment, including procedures and

4

responsibilities for reporting, investigating and remedying conduct an employee believes may constitute sexual harassment.

C. The training will be conducted by a trainer, to be agreed upon by the parties. At all training sessions, President and CEO Michael A. Woodhouse will either participate in person or issue a statement to be read affirming Defendant's commitment to a zero-tolerance policy concerning sexual harassment and retaliation in the workplace.

D. Within 30 days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training. The Commission will have 30 days after the date of receipt of such information to accept or reject the training proposal. The Commission will not unreasonably withhold its approval of the proposal. If the Commission does not approve the contents of the training session, the parties shall attempt to resolve the matter and, if unsuccessful, submit the dispute to the Court.

E. The training session will be conducted within 90 days after the date of the entry of this Consent Decree by the Court or within 30 days of approval of the outline or resolution of disputes relating to same as set forth in D above, whichever occurs later.

F. Any and all new Store #16 management and supervisory employees will be given training within 30 days of hiring/promotion.

G. All attendees will date and sign an attendance sheet, to include the name and position of each attendee.

11. This training will be repeated annually for three consecutive years.

12.   Defendant will give individual training to Chris Sisk. This training will be of two hours duration, and will include Title VII's prohibition against retaliation; specific types of sexual harassment; what constitutes a sexually hostile work environment, and the vicarious liability that attaches to managers.

    A.   This additional training must be completed within 10 days of the general training required by 11 above, or as otherwise agreed to by the parties.

    B.   Upon completion of the training, Mr. Sisk will sign an affidavit that he has received and understood the requirements of compliance with Title VII, specifically its prohibition against sexual harassment and retaliation.

    C.   A copy of this signed affidavit will be forwarded to the Commission within 10 days of the completion of the additional training.

    D.   Within ten days of the completion of the initial training, Defendant will mail a copy of the signed attendance sheets to Sally Ramsey, Senior Trial Attorney, at the address below.

## INDIVIDUAL RELIEF

13.   In full settlement of this case, Defendant shall pay a total of $255,000. The Commission will provide instructions to Defendant as to how to distribute the settlement.

14.   Defendant will issue W-2 and/or 1099 forms to the Charging Parties and Class Members for the amounts paid. The Commission is solely responsible for both the determination of allocation of settlement monies awarded to each Charging Party as well as what amount of those awards will be designated as back-wages and compensatory damages.

15.   Within ten business days of the entry of this Decree by the Court, Defendant shall separately mail checks, via certified mail, to the Charging Parties and Class

6

Members at the addresses provided by the Commission. At the same time, copies of the checks and related correspondence will be mailed to Sally Ramsey, Senior Trial Attorney, at the address below.

16. Defendant shall supply a neutral reference in response to any inquiries or reference checks regarding any of the Charging Parties or Class Members. Any such reference shall be identical to the form attached hereto. This provision shall remain in force so long as the Charging Parties and Class Members continue to use Defendant as a reference and is not limited to the duration of the decree.

17. Defendant will expunge from the personnel records of Johneta McMillan, Marilyn Thornton, Amy Whitworth, Sara Mirodipini, Pamela Boswell, and Tracy Spivey Goan, any reference to this litigation or their charge of discrimination.

## RECORD KEEPING AND REPORTING PROVISIONS

18. Defendant shall maintain records of any complaints made of sexual harassment involving Store #16. With the exception of anonymous complaints received by Defendant, these records shall include the names, addresses, and telephone numbers of the employee or applicant making the complaint. These records shall also contain the date of the report or complaint, what was alleged, the names of any witnesses, the name and position of the alleged bad actor, and what actions, if any, Defendant took to resolve the complaint.

19. Defendant shall submit three reports to the Commission. Defendant shall submit the first within 12 months of the entry of this Decree, the second within 24 months of entry, and the last within 35 months of entry. The reports will contain a summary of the information recorded by Defendant pursuant to #18 above; a record of attendance at the annual training required pursuant to Training section above (#11); and a certification by

Defendant that the Notice required to be posted by the <u>Notice</u> section below remained posted during the 12-month period preceding the report. Defendant shall mail these annual reports to Sally Ramsey, Senior Trial Attorney, at the address below.

## NOTICE

20. Defendant shall continue to conspicuously post at Store #16 the notice (poster) required by Title VII. In addition, Defendant shall post at Store #16, in one or more locations conspicuous and accessible to all employees, the Notice attached to this Decree as Exhibit B, for a period of three years, commencing within ten days after entry of this Decree by the Court. The Notice shall be in the same typeface and size as the exhibit; and shall be on company letterhead.

## COSTS

21. Each of the parties shall bear its own costs and attorney fees.

IT IS SO ORDERED THIS  8TH  DAY OF  APRIL , 2009.

s/ Thomas A. Varlan  
THOMAS A VARLAN  
UNITED STATES DISTRICT JUDGE

8

| FOR THE COMMISSION | FOR DEFENDANT |
|---|---|
| | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. |
| JAMES L. LEE<br>Deputy General Counsel | *[signature]*<br>Charles K. Grant<br>TN Bar No. 17081 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Commerce Center, Suite 1000<br>211 Commerce Street<br>Nashville, TN 37201 |
| 1801 L Street<br>Washington, D.C. 20507 | (615) 726-5767 |
| | David E. Gevertz<br>Georgia Bar No. 292430 |
| *[signature]*<br>FAYE A. WILLIAMS<br>Regional Attorney<br>TN Bar No. 11730 | Erica V. Mason<br>Georgia Bar No. 141986<br>Six Concourse Parkway, Suite 3100<br>Atlanta, Georgia 30328 |
| *[signature] (with permission)*<br>DEIDRE SMITH<br>Supervisory Trial Attorney<br>TN Bar No. 18499<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1407 Union Avenue, Suite 621<br>Memphis, Tennessee 38104<br>(901) 544-0088 | |
| *[signature] (with permission)*<br>SALLY RAMSEY<br>Senior Trial Attorney<br>TN Bar No. 18859<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>50 Vantage Way, Suite 202<br>Nashville, TN 37228<br>(615) 736-2105 | |

9

**EXHIBIT B**

# NOTICE TO ALL EMPLOYEES OF CRACKER BARREL OLD COUNTRY STORE, INC.

This Notice is posted pursuant to a Consent Decree entered into between Cracker Barrel Old Country Store, Inc. and the Equal Employment Opportunity Commission (EEOC.)

Harassment based on sex is a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq*. Federal law requires an employer to maintain a workplace free from harassment based on sex (gender), as well as race, color, religion, national origin, age (40 or older), or disability with respect to working environment or terms and conditions of employment.

It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

Cracker Barrel Old Country Store will not tolerate or condone sexual harassment against any employee or applicant for employment. Sexual harassment is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by Cracker Barrel Old Country Store will result in disciplinary action up to and including termination.

If you believe you have been discriminated against because of sex, including sexual harassment, or retaliated against in your workplace, you may seek assistance from:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC)
50 Vantage Way, Suite 202
Nashville, TN 38227
615-736-5820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This notice will remain posted for three years from the date signed

_____                        _____
Date                                                              (title) Cracker Barrel

10

# SAMPLE LETTER OF REFERENCE

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of (Charging Party/ Class member) while employed at Cracker Barrel Old Country Stores.

(Charging Party/ Class Member) was last employed at Cracker Barrel Old Country Store, Inc. (date of employment). Company policy does not permit us to give out any more information concerning (Charging Party/ Class Member)'s employment.

I am sure that (Charging Party/ Class Member) can provide you with the details concerning her tenure at Cracker Barrel Old Country Store, Inc. I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,


Cracker Barrel Old Country Store, Inc.